Bivins v. Harris.

---

BENJAMIN F. BIVINS v. CHARLES N. HARRIS.

ATTACHMENT SUIT—ORDER UPON DEFENDANT TO DELIVER UP STOCK. Where a defendant in an attachment suit was examined under section 131 of the Practice Act; and on its appearing that his only property subject to attachment consisted of mining stock which he had upon his person, the district judge ordered it to be delivered to the sheriff, to be held subject to the result of the suit: *Held,* that such order was not in excess of the jurisdiction of the district judge.

CONSTRUCTION OF PRACTICE ACT, SEC. 131—EXTENT OF "EXAMINATION." The examination of the defendant, provided for in section 131 of the Practice Act, contemplates the examination of the defendant not only as a witness in a proceeding against a garnishee but in a direct proceeding against himself; and it authorizes a discovery of property concealed upon his own person and an application of it to his just debts.

This was an original application to the Supreme Court for a writ of *certiorari* as stated in the opinion. The affidavit of the petitioner sets forth that the action of H. F. Rice v. Benjamin F. Bivins was a suit for the recovery of one thou-

11

sand dollars and interest on a promissory note made by Bivins to James W. Nye and by him assigned to Rice; that an attachment was issued to the sheriff in said action on the commencement thereof on November 14, 1872, which however had never been served, levied or returned; that on the same day an order for the immediate examination of defendant before Judge Harris was issued; that he appeared in obedience thereto and that thereupon the orders and proceedings complained of took place, all of which are alleged to have been in excess of his jurisdiction, power and authority and to the injury of affiant and in violation of his rights.

*Robert M. Clarke*, for Petitioner.

*Ellis & King*, for Respondent.

By the Court, BELKNAP, J.:

Application for a writ of *certiorari* to review certain orders of the judge of the second judicial district made in attaching the property of the defendant in the case of Rice *v.* Bivins.

Rice sued Bivins in the court below upon a promissory note payable in this State, and upon filing the statutory affidavit and undertaking a writ of attachment was issued. Thereafter the plaintiff filed an affidavit, setting forth that the defendant had upon his person a large amount of money which he refused to apply in settlement of his indebtedness; that aside from the money upon his person the plaintiff knew of no other property of the defendant subject to attachment, and prayed that the defendant might be examined in relation to his property under section 131 of the Practice Act.

Upon the examination of the defendant it appeared that he had upon his person certain shares of the capital stock of the Champion Consolidated Mining and Smelting Company subject to attachment, one thousand shares of which the district judge ordered delivered to the sheriff, to be held subject to the result of the suit. The petitioner complains

that this order of the district judge was in excess of jurisdiction, and prays that a writ of *certiorari* issue to review the proceedings.

The question of remedy was not discussed by counsel, and we have deemed it proper at their request to waive its consideration, to decide an important question of practice upon its merits.

Section 131 of the Practice Act provides: "Any person owing debts to the defendant, or having in his possession or under his control any credits or other personal property belonging to the defendant, may be required to attend before the court or judge, or a referee appointed by the court or judge, and be examined on oath respecting the same. The defendant may also be required to attend for the purpose of giving information respecting his property, and may be examined on oath. The court or judge may, after such examination, order personal property capable of manual delivery to be delivered to the sheriff on such terms as may be just, having reference to any liens thereon or claims against the same, and a memorandum to be given of all other personal property containing the amount and description thereof." The two preceding sections define the manner in which credits or other personal property in the hands of third persons or debts due the defendant may be attached and the liability of the garnishee.

Counsel for petitioner contends that these three sections must be considered together, and that the examination provided for in section 131 is for the purpose of discovering property in the possession or under the control of third persons, and does not contemplate property (as in this case) upon the person of the defendant. Had it been the intention of the legislature to provide for the examination of the defendant in relation to his property in the possession of others only, we think language would have been employed restricting the examination to such property.

The law first provides for examination in relation to property in the possession of others, afterwards for the examination of the defendant in relation to his property. "The

defendant may also be required to attend for the purpose of giving information respecting his property." The words "his property" must here be taken without the previous restriction, and in an enlarged, comprehensive sense. This language contemplates the examination of the defendant not only as a witness in a proceeding against the garnishee, but in a direct proceeding against himself.

The examination is for the purpose of giving effect to the attachment law, and to compel the defendant to give information respecting his property. The evident intention of the legislature was that all of the property of the defendant, not exempt from execution, should be attached, or so much thereof as might be necessary to satisfy the plaintiff's demands. Property upon the person or concealed is not exempt from execution, and the examination provided in section 131 contemplates the discovery of the defendant's concealed property and its application to his just debts. If the property is subject to attachment it is unimportant in whose possession it may be or by whom concealed. An examination of the defendant under oath in relation to his concealed property is a proper and frequently the only method calculated to discover property concealed by himself.

The technical interpretation sought for by petitioner would clearly defeat the intention of the legislature, while to sustain the jurisdiction does no violence to the letter and is justified by the spirit of the law.

Writ denied.

The cause having been argued before HAWLEY, J., took his seat, he did not participate in the foregoing decision.